**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Gulbrandson,                                ) <br>                                                             ) <br>           Petitioner,                                ) <br>                                                             ) <br>     v.                                                        ) <br>                                                             ) <br> Dora B. Schriro, et al.,                           ) <br>                                                             ) <br>           Respondents.                           ) <br>                                                             ) | CV-98-2024-PHX-SMM <br><br> <u>DEATH PENALTY CASE</u> <br><br> **ORDER** |

Before the Court is Petitioner's Consolidated Motion to Alter or Amend Judgment and Issue Certificate of Appealability. (Dkt. 89.) The motion is brought in response to the Court's order denying Petitioner's amended habeas corpus petition and denying a certificate of appealability. (Dkts. 87, 88.) Petitioner challenges the Court's denial of Claims 3, 9, 12, and 13 on the merits and Claim 14 as procedurally barred.

**DISCUSSION**

A motion under Rule 59(e) of the Federal Rules of Criminal Procedure is essentially a motion for reconsideration. Motions for reconsideration are disfavored and appropriate only if the court is presented with newly discovered evidence, if there is an intervening change in controlling law, or if the court committed clear error. *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (per curiam); *see School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). A motion for reconsideration is not a forum for the moving party to make new arguments not raised in its original briefs, *Northwest Acceptance Corp. v. Lynnwood Equipment, Inc.*, 841 F.2d 918, 925-926 (9th Cir.

1988), nor is it the time to ask the court to "rethink what it has already thought through," *United States v. Rezzonico*, 32 F. Supp.2d 1112, 1116 (D. Ariz. 1998) (quotation omitted).

Petitioner does not cite new evidence or a change in law, but instead repeats the arguments he has already offered and asks the court to revisit the decisions it has already made. The Court declines this invitation. However, the Court will briefly respond to Petitioner's contention that he is entitled to a certificate of appealability with respect to Claims 3, 9, 12, 13, and 14.

As the Court has explained, to be entitled to a certificate of appealability, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner has not met this standard.

In Claim 3, Petitioner alleged that his constitutional rights were violated because the trial court precluded expert testimony about Petitioner's state of mind at the time of the crime, including testimony that Petitioner was insane. As this Court previously noted, the trial court was presented with no expert evidence indicating that Petitioner met the *M'Naghten* definition of insanity. Petitioner's repeated claim that his expert, Dr. Blinder, was prepared to testify that Petitioner was insane is contrary to the record. Dr. Blinder's report (ROA 125u-125cc), together with trial counsel's affidavit (Dkt. 63, Ex. B), indicate that at the time of trial Dr. Blinder had determined that Petitioner did not meet the *M'Naghten* standard for insanity. Moreover, in his later affidavit, which Petitioner has relied on heavily in these proceedings, Dr. Blinder only stated that he would have been willing to testify that Petitioner's condition somehow approached satisfying the *M'Naghten* standard. (ROA-PCR, Ex. E.) If Dr. Blinder, a "renowned forensic psychiatrist" (Dkt. 27 at 30), had held the opinion that Petitioner was insane under *M'Naghten*, he was capable of articulating that opinion to trial counsel and would have included it in his initial report and in his subsequent affidavit. He did not.

Because there was no evidence that Petitioner was *M'Naghten* insane, the trial court properly applied state evidentiary law, *e.g.*, *State v. Mott*, 187 Ariz. 536, 540-41, 931 P.2d 1046, 1050-51 (1997), to preclude expert testimony concerning whether Petitioner acted with premeditation at the time of the murder. Because the United States Supreme Court has upheld the constitutional validity of the *Mott* rule, *Clark v. Arizona*, 126 S. Ct. 2709, 2737 (2006), and because, despite the trial court's ruling, Dr. Blinder, did in fact testify as to Petitioner's state of mind at the time of the crime, this claim is clearly without merit, a conclusion which reasonable jurors could not debate.

In Claim 9, Petitioner alleged that the trial court denied his fundamental right to testify on his own behalf. Because, as this Court already noted and as Petitioner appears to concede, there is no Supreme Court precedent requiring an on-the-record waiver of a defendant's right to testify, the decision of the Arizona Supreme Court denying this claim was not an unreasonable application of "clearly established Federal law" under 28 U.S.C. § 2254(d)(1). This is not a conclusion about which reasonable jurists could differ, particularly in light of the Supreme Court's recent reiteration of the principle that "'clearly established Federal law' in § 2254(d)(1) 'refers to the holdings, as opposed to the dicta, of this Court's decisions as of the time of the relevant state-court decision.'" *Carey v. Musladin*, 127 S. Ct. 649, 653 (2006) (quoting *Williams v. Taylor*, 529 U.S. 362, 412 (2000)).[1]

---

[1] In *Musladin*, the Court addressed the effect on a defendant's fair-trial rights of private-actor courtroom conduct, as opposed to state-sponsored conduct. 127 S. Ct. at 653-54. The Court noted that its prior decisions had only addressed the latter issue. The Court further observed that, "[r]eflecting the lack of guidance from this Court, lower courts have diverged widely in their treatment of defendants' spectator-conduct claims." *Id.* at 654. The Court concluded that:

> Given the lack of holdings from this Court regarding the potentially prejudicial effect of spectators' courtroom conduct of the kind involved here, it cannot be said that the state court "unreasonabl[y] appli[ed] clearly established Federal law." § 2254(d)(1) . . . Therefore, the state court's decision was not contrary to or an unreasonable application of clearly established federal law.

- 3 -

In Claim 12, Petitioner alleged that he was denied his right to effective assistance of counsel at the guilt stage of trial because counsel did not elicit from Dr. Blinder testimony that Petitioner was insane. Because, as previously noted, Dr. Blinder had not promulgated the opinion that Petitioner was insane, counsel cannot be deemed ineffective under either the deficiency or prejudice prong of *Strickland v. Washington*, 466 U.S. 668 (1984), for failing to present such non-existent testimony. Reasonable jurists could not debate this Court's conclusion that the decision of the PCR court rejecting this claim was not an unreasonable application of *Strickland*.

In Claim 13, Petitioner alleged that he was denied his right to effective assistance of counsel at the sentencing stage of his trial because counsel failed to call for testimony from Dr. Blinder. Because, as the PCR court correctly noted, counsel presented Dr. Blinder's comprehensive and detailed testimony at the guilt phase of trial – including his opinion that Petitioner suffered from mental illnesses and acted impulsively when he attacked his victim – counsel was not ineffective for failing to present the testimony again at the presentence hearing.[2] Reasonable jurists, applying clearly established federal law as set forth in *Bell v. Cone*, 535 U.S. 685 (2002), could not debate this Court's conclusion that the PCR court's denial of this claim did not entitle Petitioner to relief under § 2254(d)(1).

In Claim 14, Petitioner alleged that his constitutional rights were violated because he was not competent to stand trial. This Court found that the claim was procedurally barred because Petitioner failed to exhaust the claim in state court and failed to excuse the default by establishing cause and prejudice or a fundamental miscarriage of justice. (Dkt. 46 at 17.) Petitioner contends that the rules of procedural default do not apply to substantive

---

*Id.*

[2] Petitioner again insists that counsel performed ineffectively by failing to present testimony, this time at sentencing, that Petitioner was insane. This allegation is meritless because, as explained above, no such testimony existed.

- 4 -

competency claims. As this Court noted in its order on the procedural status of Petitioner's claims, the Ninth Circuit has rejected the argument that mental incompetency claims cannot be procedurally defaulted, holding, in *Martinez-Villareal v. Lewis,* 80 F.3d 1301, 1306-07 (9th Cir. 1996), that a claim alleging actual incompetence to stand trial is subject to the same state procedural default rules as other claims.[3] Because Petitioner's argument is clearly foreclosed by applicable precedent, reasonable jurors could not debate this Court's dismissal of Claim 14 as procedurally barred.

Based on the foregoing, the Court again finds that Petitioner is not entitled to habeas relief on Claim 3, 9, 12, 13, and 14, and that the claims are not suitable for the issuance of a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED denying** Petitioner's Consolidated Motion to Alter or Amend Judgment and Issue Certificate of Appealability (Dkt. 89).

DATED this 18th day of April, 2007.

_____
Stephen M. McNamee
United States District Judge

---

[3] Petitioner now contends that *Martinez-Villareal* is inapposite because the claim there was not a substantive but a procedural incompetency claim based on ineffective assistance of counsel. The Court disagrees. While the petitioner did also raise ineffective assistance claims, including in earlier filings, "Claims concerning Martinez-Villareal's competence to stand trial were not raised until Martinez-Villareal's third PCR petition. The State's defense in this case was procedural default, not waiver. Therefore, the district court erred in holding that the claim was not procedurally defaulted." *Martinez-Villareal*, 80 F.3d at 1307.